■ IRWIN LIPSON, Respondent-Appellant, v ARTHUR A. HERMAN, Appellant-Respondent.—In an action *inter alia* to compel an accounting of the assets of a terminated partnership for the practice of law, (1) defendant appeals from so much of an interlocutory judgment of the Supreme Court, Westchester County, entered December 10, 1974, as denies him a credit of $51,004 in the settlement of the account (the second and third decretal paragraphs of the interlocutory judgment); (2) plaintiff cross-appeals from said interlocutory judgment in its entirety, except so much thereof as adjudges that the partnership agreement between the parties was violative of public policy (the second paragraph of the interlocutory judgment); and (3) both parties further appeal from an order of the same court, entered November 15, 1974, which denied their respective motions to reargue. Appeals from the order dismissed as academic, without costs. Interlocutory judgment modified, on the law, by striking therefrom the second and third decretal paragraphs and substituting therefor a provision directing a hearing on the issues hereinafter set forth and on any other issues consistent

therewith, a new determination on the issue of the validity of the alleged partnership agreement, and the making of an amended interlocutory judgment in accordance therewith. As so modified, interlocutory judgment affirmed, without costs. It is impossible to determine on the present record whether or not the agreement was violative of public policy or the respective pertinent Canons of Professional Ethics (now Code of Professional Responsibility). Defendant has requested and should be afforded the opportunity to establish (1) that there was in fact a true partnership, not a device or subterfuge for the sale of his sizeable negligence practice; or (2) in the alternative, if it is found that there was not a true partnership, (a) whether the respective clients of defendant consented to the employment of plaintiff after a full disclosure that a division of fees would be made, (b) the extent of the services performed by defendant in connection with the negligence cases contributed as his part of the capital structure of the newly formed partnership and (c) the responsibility retained by defendant in the negligence cases transferred to the partnership. Implicit in the finding of Special Term is the fact that the parties, both attorneys, were equally culpable and mutually derelict in the light of the pertinent canons of ethics. Each should be afforded the opportunity to absolve himself from such imputed culpability, with its disciplinary consequences. In view of the direction herein for a hearing in connection with the appeal from the interlocutory judgment, etc., the cross appeals from the order dated November 14, 1974 should be deemed academic. Hopkins, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Munder, J., concurs, with the following separate memorandum: Since the majority of this court has agreed upon the remand of this matter essentially to determine whether the sum of $40,000 was a fair and reasonable evaluation of the fees already earned in the negligence portion of defendant's law practice which was to constitute the nucleus and nature of the partnership practice and since, in his brief, defendant suggests that Special Term should have followed that course, I concur in such remand. I, however, would have been content simply to reverse the interlocutory judgment and direct a redetermination of the accounting in accordance with the terms of the contract. I think it was error for Special Term, *sua sponte,* to declare this transaction to be void, as a sale of a law practice in contravention of the canons of professional ethics and contrary to public policy. What was here done by two knowledgeable attorneys was to fix a value on the fees earned prior to the date of the partnership agreement and to provide for its payment, without interest, at such time as plaintiff chose to pay it. In the event of the dissolution of the partnership the debt would be paid out of plaintiff's share of the dissolution proceeds. The agreement also contained a safety valve against overevaluation by providing that any unpaid portion of the debt would be extinguished if the proceeds were insufficient. Assuming that the valuation agreed upon was fair and reasonable, I see nothing wrong with such an arrangement.